# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40605
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EUSEBIO VARIBLE-GASPAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-866

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:*

Eusebio Varible-Gaspar appeals the 57-month sentence imposed in connection with his conviction for illegal reentry after deportation. Varible-Gaspar argues that the district court erred in applying the 16-level enhancement for a crime of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). He contends that his Wisconsin conviction for first degree sexual assault of a child does not qualify as a crime of violence or as an aggravated felony under

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

8 U.S.C. § 1326(b)(2) because the offense does not fall within the generic, contemporary meaning of sexual abuse of a minor. Varible-Gaspar asserts that an individual may be guilty of the Wisconsin offense if the offender had sexual contact or sexual intercourse with a corpse. For the first time on appeal, Varible-Gaspar argues that the conviction does not qualify as a forcible sex offense because a corpse cannot be forced or coerced into sex. Further, Varible-Gaspar argues that, despite the court's statements that it would impose the same sentence, the error is not harmless.

We review the district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Cisneros-Gutierrez,* 517 F.3d 751, 764 (5th Cir. 2008). However, because Varible-Gaspar did not challenge his offense as qualifying as a forcible sex offense, we review that issue for plain error. *See United States v. Musa,* 45 F.3d 922, 924 n.5 (5th Cir. 1995).

Section 2L1.2 provides that the offense level for unlawfully reentering the United States shall be increased by 16 levels if the defendant has a prior conviction for a "crime of violence." § 2L1.2(b)(1)(A)(ii). Undisputedly, Varible-Gaspar was convicted of first degree sexual assault of a child, in violation of WIS. STAT. ANN. § 948.02(1), and was sentenced to 18 months of imprisonment and 13 years of extended supervision. Under that subsection of the Wisconsin statute, a person is guilty of first degree sexual assault of a child if the person has sexual contact or sexual intercourse with a person who has not attained the age of 13 years. WIS. STAT. ANN. § 948.02(1). It is also undisputed that an individual may be convicted under this statute regardless of whether the victim was living or dead at the time of sexual contact or sexual intercourse. WIS. STAT. ANN. §948.02(5). The sole issue on appeal concerns whether sexual abuse of a minor and forcible sex offenses may be committed upon a corpse.

No. 15-40605

Our caselaw does not specify whether the minor victim of sexual abuse must be living at the time of the sexual contact in order for the offense to meet the definition of sexual abuse of a minor.  However, the commentary to section 2L1.2 states that a crime of violence includes forcible sex offenses even in cases "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced."  § 2L1.2, comment. (n.1(B)(iii)).  Though Varible-Gaspar asserts that a corpse has no will, the argument also allows for the logical conclusion that a corpse cannot legally consent.  Thus, Varible-Gaspar's challenge to the classification of the conviction as a forcible sex offense is at least subject to reasonable debate, and as such, any alleged error in applying the enhancement on this basis would not be clear or obvious error.  *See United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009).

Moreover, even if the district court erred, the error is not reversible under the harmless-error standard.  The district court imposed an alternative non-guidelines sentence of 57 months.  In imposing the alternative sentence, the court made extensive statements indicating that it would impose the same sentence if the enhancement did not apply and would impose the sentence because of the factors of 18 U.S.C. § 3553(a).  The court particularly focused on the potential deterrent effect of the 57-month sentence.  Because the district court's statements indicate that it would have imposed the same sentence without the alleged error for the same reasons, any error in imposing the 16-level enhancement is harmless.  *See United States v. Ibarra-Luna*, 628 F.3d 712, 714, 716-19 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.